United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **BYRON LEONARDO RAMOS**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-531** |
| | § | |
| **MARKWAYNE MULLIN**, Secretary, | § | |
| U.S. Department of Homeland Security, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is: 1) Petitioner Byron Leonardo Ramos's "Petition for Habeas Corpus" ("§ 2241 Petition) [Dkt. No. 1]; 2) Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" ("Motion for Summary Judgment") [Dkt. No. 6]; and 3) Petitioner's "Reply to Government's Response to the Petition for Writ of Habeas Corpus: ("Reply") [Dkt. No. 7]. For the reasons below, it is recommended that the Court: 1) **DENY** Petitioner's § 2241 Petition [Dkt. No. 1]; 2) **GRANT** Respondents' Motion for Summary Judgment [Dkt. No. 6]; and 3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Petitioner is a native citizen of Guatemala charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and detained at the Port Isabel Service Processing Center in Los Fresnos, Texas at the time of filing his § 2241 Petition. Dkt. Nos. 1 at 2, 6 at 1. On or about April 11, 2026, Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner pending removal proceedings. Dkt. Nos. 1 at 2, 6 at 2. The record does not reflect that Petitioner has been issued an order of removal from an Immigration Judge.

## II. JURISDICTION AND VENUE

Under 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The general rule is that, under 28 U.S.C.§ 2241, jurisdiction lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A district court has jurisdiction to entertain a writ of habeas corpus when the immediate custodian is located within the court's territorial jurisdiction. *Id.* at 426. The immediate custodian rule requires that in habeas challenges to present physical confinement, the proper respondent is the person who has custody over the habeas petitioner. *Id.* at 435; 28 U.S.C § 2242.

Petitioner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and challenges the legality of detention. Petitioner is detained at Port Isabel Service Processing Center in Los Fresnos, Texas and challenges present physical confinement against the proper respondent. *See Padilla*, 542 U.S. at 426; 28 U.S.C. § 2242.[2]

---

[1] These facts are drawn from Petitioner's § 2241 Petition and Respondents' Motion for Summary Judgment. *See* Dkt. Nos. 1, 6.

[2] Pursuant to the Memorandum of Understanding ("MOU") between the United States Attorney's Office for the Southern District of Texas and the Court, the Government is the proper respondent with custody over Petitioner. *See* Dkt. No. 21; *Padilla*, 542 U.S. at 426; 28 U.S.C. §§ 2242, 2243.

Therefore, the Court has subject-matter jurisdiction to entertain Petitioner's writ of habeas corpus, and venue is proper in this Court and division.

## III. LEGAL STANDARDS

### A. Petition for a Writ of Habeas Corpus

#### 1. 28 U.S.C. § 2241

Under 28 U.S.C. § 2241, a person in immigration detention can challenge detention as unlawful by filing a petition for a writ of habeas corpus. 28 U.S.C. § 2241(c); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)). To prevail, the petitioner must show by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). A court considering a petition for a writ of habeas corpus must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Villanueva*, 801 F. Supp. 3d at 696 (first quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); and then citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)).

### B. Motion for Summary Judgment

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Under Rule 56, the moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Catrett*, 477 U.S. at 323). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

"In reviewing a summary judgment motion, the court must 'refrain from making credibility determinations or weighing the evidence' and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Devon Enters., L.L.C. v. Arlington Indep. Sch. Dist.*, 541 F. App'x 439, 441 (5th Cir. 2013) (quoting *Equal Employment Opportunity Comm'n v. WC&M Enters.*, 496 F.3d 393, 398 (5th Cir. 2007)).

## IV. DISCUSSION

Petitioner challenges the legality of his present detention pursuant to 8 U.S.C § 1225(b) under the Due Process Clause of the Fifth Amendment and seeks an individualized bond hearing or release from custody. Specifically, Petitioner argues that continued detention is a deprivation of liberty in violation of his Fifth Amendment right

to procedural due process. Petitioner seeks: 1) a bond hearing; 2) his immediate release from custody; and 3) attorney's fees. Respondents argue that Petitioner is an "applicant for admission" under *Buenrostro-Mendez v. Bondi* and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Respondents thus assert Petitioner's claims fail under recent Fifth Circuit precedent. In his reply, Petitioner argues that *Buenrostro-Mendez* does not foreclose his procedural due process claims, and he maintains that he is entitled to the relief requested in his § 2241 Petition.

The Fifth Circuit in *Buenrostro-Mendez v. Bondi* foreclosed any argument that a petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). 166 F.4th 494, 508 (5th Cir. 2026). The Fifth Circuit also held in *Rodriguez v. Vergara* that mandatory detention under 8 U.S.C. § 1225(b)(2) without an individualized bond hearing does not violate procedural due process. No. 26-50183, 2026 WL 3181188, at *6 (5th Cir. Oct. 23, 2026) (en banc). The record reflects that Petitioner is detained pursuant to 8 U.S.C. § 1225(b) and is subject to mandatory detention. The Fifth Circuit holdings in *Buenrostro-Mendez v. Bondi* and *Rodriguez v. Vergara* are binding on the Court and therefore foreclose Petitioner's claims for habeas relief on statutory and procedural due process grounds.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: 1) **DENY** Petitioner's § 2241 Petition [Dkt. No. 1]; 2) **GRANT** Respondents' Motion for Summary Judgment [Dkt. No. 6]; and 3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **18th** day of **November, 2026**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**